FILED
FEB 15 2013
Clerk, U.S. District Court
District Of Montana
Billings

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DPC INDUSTRIES, INC., <br><br> Plaintiff, <br> vs. <br><br> WESTERN SUGAR COOPERATIVE and MONTANA RAIL LINK, INC., <br><br> Defendants. | Cause No. CV-13-22-BLG-RFC <br><br><br> ORDER |

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Defendants Western Sugar cooperative and MRL have responded. Defendant Western Sugar Cooperative has also filed a Motion to Stay Pursuant to Colorado River and/or Younger Abstention Doctrines.

## STANDARD OF REVIEW

The standard for granting a temporary restraining order ("TRO") is identical to that for a preliminary injunction. *Hawaii County Green Party v. Clinton*, 980 F.Supp. 1160, 1163-64 (D.Haw. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 129 S.Ct. 365, 374 (2008).

## ANALYSIS

Based upon what is before the Court, Plaintiff has not alleged irreparable harm. Purely monetary injures are not normally considered irreparable. *Lydo Enterprises*, 745 F.2d at 1213. The closure of an existing business constitutes a hardship that is primarily economic in nature. *Lydo Enterprises*, 745 F.2d at 1211, 1213 and 1216.

In the state action, DPC has alleged counterclaims seeking damages against MRL and Western Sugar for breach of easement/right of way agreement, breach of the implied obligation of good faith and fair dealing, and tortious interference with contract. *See Western Sugar Cooperative v. Montana Rail Link, Inc. and DPC Industries, Inc., Montana Thirteenth Judicial District, Yellowstone County, Cause No. DV-12-0816.* Based upon these claims, it is clear that DPC believes any harm it suffers is actually compensable with money damages.

Furthermore, Plaintiff has not demonstrated a likelihood of success on the merits. Plaintiff asserts that the Industrial Track spur line constructed to service Western Sugar's predecessor was somehow transformed from an Industrial Track spur line into a "Branch Line" to serve other unidentified rail customers and DPC's

predecessors beyond the Western Sugar property. This appears to be an effort to bestow regulatory authority on the Surface Transportation Board ("STB") and this Court over an Industrial Track spur line over which the STB has no regulatory authority.

The addition of the very short spur to the existing Industrial Track and/or spur serving Western Sugar in order to access DPC's facility does not appear to transform any of the tracks located on Western Sugar's property into an "extension" or "branch line." *See e.g. Missouri, K. & T.R. Co. of Texas v. Texas & N.O.R. Co.*, 172 F.2d 768, 770-71 (5th Cir. 1949) ("We see no need to strain to hold these tracks which are in form and in purpose and effect ordinary industrial tracks to be 'extensions of the lines of railroads' of these two great carriers. . ."). Accordingly, the STB lacks regulatory authority over BNSF and MRL's transfer of the ownership of the tracks to Western Sugar.

The Motion for Temporary Restraining Order is **DENIED**.

## COLORADO RIVER AND/OR YOUNGER ABSTENTION DOCTRINES

DPC, Western Sugar, and MRL are currently litigating issues related to DPC's use of the track in state court and that matter has been pending since July of 2012. *See Western Sugar Cooperative v. Montana Rail Link, Inc. and DPC*

*Industries, Inc.*, Montana Thirteenth Judicial District, Yellowstone County, Cause No. DV-12-0816.

In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the Supreme Court noted the existence of certain principles governing the contemporaneous exercise of concurrent jurisdiction by state and federal courts. "These principles rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (citation omitted).

In *Colorado River* the Court examined four factors to determine whether staying proceedings was appropriate: (1) whether either court has assumed jurisdiction over a *res*; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. *See* 424 U.S. at 818, 96 S.Ct. at 1246–47. In *Moses Cone*, the Court articulated two more considerations: (5) whether state or federal law controls and (6) whether the state proceeding is adequate to protect the parties' rights. *See* 460 U.S. at 25–26, 103 S.Ct. at 941–42. "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'" *American Int'l Underwriters, (Phillipines), Inc. v.*

*Continental Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir.1988) (quoting *Moses Cone*, 460 U.S. at 16, 103 S.Ct. at 937).

In this case, abstention is warranted. The two actions are substantially similar and involve identical parties. Both state and federal cases are pending in Billings, so the convenience of the federal forum is a neutral party. DPC has sought both money damages and declaratory relief in the state court action and allowing litigation to proceed in state court will avoid piecemeal litigation. The state court first assumed jurisdiction over DPC's claims through DPC's assertion of counterclaims. Both state and federal claims have been asserted in the state court action, however, because the STB potentially lacks regulatory authority over the tracks at issue, DPC's claims will be controlled by state law. Based on the claims and defenses asserted by DPC in the state court action, the state court will be able to fully adjudicate and protect the parties' rights.

In *Younger v. Harris*, 401 U.S. 37, 43 (1971), the United States Supreme Court ruled that "Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." The Supreme Court has announced a three-prong test to determine whether a federal district court should abstain from hearing a case where *Younger* abstention is invoked. Abstention is required when: "(i) the state proceedings are ongoing; (ii)

the proceedings implicate important state interests; and (iii) the state proceedings provide an adequate opportunity to raise federal questions." *Fresh Int'l Corp. v. Agricultural Labor Relations Bd*, 805 F.2d 1353, 1356 (9th Cir.1986) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431, 102 S.Ct. 2515, 2520–21, 73 L.Ed.2d 116 (1982)).

In this case, all three elements of the *Younger* test are satisfied. The state proceedings are currently ongoing. The state proceedings implicate important state interests. DPC filed counterclaims in the state court action seeking a declaration that these matters are subject to the jurisdiction of the STB. Thus, DPC has an adequate opportunity to raise federal questions.

Considerations of prudent judicial administration, "giving regard to conservation of judicial resources and comprehensive disposition of litigation," requires that this matter be **STAYED** pending disposition of the concurrent state court proceeding.

The parties are directed to file a joint status report sixty (60) days from the date of this order.

DATED this 15th day of February, 2013.

RICHARD F. CEBULL
U.S. DISTRICT COURT JUDGE